UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY L. STEWART,<br><br>    Plaintiff,<br><br>    vs.<br><br>K. HOLLAND, et al.,<br><br>    Defendants. | 1:14-cv-00322-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION<br>(Doc. 8.) |

**I.    BACKGROUND**

Tracy L. Stewart ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 7, 2014.  (Doc. 1.)  On July 23, 2014, Plaintiff filed a motion for preliminary injunctive relief.  (Doc. 8.)

**II.   PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v.

1

Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

Plaintiff is presently incarcerated at California State Prison-Sacramento (CSP-Sacramento) in Represa, California. Plaintiff seeks a court order requiring prison officials at CSP-Sacramento to allow him access to the prison law library and provide him with forms to exhaust his administrative remedies. However, the events at issue in Plaintiff's Complaint allegedly occurred in 2013 at California State Prison-Corcoran, California Mens Colony, and Pelican Bay State Prison, when Plaintiff was incarcerated at those facilities. The order Plaintiff seeks would require present actions by persons who are not defendants in this action and would not remedy any of the claims upon which this action proceeds. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary injunctive relief, filed on July 23, 2014, is DENIED.

IT IS SO ORDERED.

   Dated:   **January 9, 2015**          /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE