UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY L. STEWART,<br><br>       Plaintiff,<br><br>  vs.<br><br>K. HOLLAND, et al.,<br><br>       Defendants. | 1:14-cv-00322-AWI-GSA-PC<br><br>ORDER RE PLAINTIFF'S MOTION FOR CASE STATUS<br><br>(Doc. 14.) |

       Tracy L. Stewart ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On March 7, 2014, Plaintiff filed the Complaint commencing this action. (Doc. 1.) Plaintiff's Complaint awaits the court's requisite screening pursuant to 28 U.S.C. § 1915.

       On April 3, 2015, Plaintiff filed a motion requesting the court to respond to inquiries about his case. (Doc. 14.)

       Due to the large number of cases pending before this court, the Clerk does not ordinarily provide written responses to requests for status of cases. Plaintiff is advised that he shall receive notice in this action as a matter of course.[1] All documents filed in this action shall

---

[1] Plaintiff is required to keep the court informed of his current mailing address. Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective. Separate notice shall be filed and served on all parties in each action in which an appearance has been made."

be served upon all parties who have appeared in this action, including Plaintiff.  Plaintiff can be assured that he will receive notice, at his address of record, of rulings made in this case and deadlines established in this case, provided he keeps the court informed of his current address.

Plaintiff expresses concerns that have arisen upon his receipt of a copy of the court's docket sheet for this case.  Plaintiff asserts that his request for jury trial is not accurately reflected on the docket.  Plaintiff seeks to clarify that he did not intend to decline screening of the complaint when he declined Magistrate Judge jurisdiction.  Plaintiff also expresses concern that all of the attachments to his Complaint are not specifically noted in the docket text.

Plaintiff is advised that the court's docket sheet is a brief summary that is not meant to reflect the entirety of the case and its documents.  The docket sheet includes abbreviated notes and descriptions of documents, some which are meaningful only to court staff.  Plaintiff is advised not to rely on the docket sheet except as a brief summary of the case and the documents filed by the court.  The brief descriptions on the docket sheet are not meant to reflect every aspect of every document in a case.

The court is aware that Plaintiff has requested a jury trial in this action, and the Clerk shall be directed to reflect this request on the docket.  Further, Plaintiff has not declined screening of his Complaint, and the Complaint shall be screened in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. This order resolves Plaintiff's motion filed on March 3, 2015; and
2. The Clerk is directed to reflect Plaintiff's request for jury trial on the court's docket.

IT IS SO ORDERED.

Dated:   **April 6, 2015**             **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE