# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY L. STEWART,<br><br>           Plaintiff,<br><br>     v.<br><br>K. HOLLAND, et al.,<br><br>           Defendants. | Case No.  1:14-cv-00322-AWI-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 18) |

Plaintiff Steward is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 23. 2015, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 18.)  Plaintiff has previously sought the appointment of counsel, which was denied on October 20, 2014. (ECF No. 10.)

Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 195(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

1   In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances.  <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on multiple claims including excessive force and deliberate indifference to serious medical needs.  Plaintiff's motion consists of a restatement of the claims set forth in the complaint.  Plaintiff argues that there is a likelihood that he will succeed on the merits, and that the factual and legal issues in this case are complex.  The Court finds that these factual and legal issues in this case are not complex.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.")  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  **December 2, 2015**          /s/ *Barbara A. McAuliffe*          
                                         UNITED STATES MAGISTRATE JUDGE