# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY STEWART,<br><br>   Plaintiff,<br><br> v.<br><br>C/O SERNA, et al.,<br><br>   Defendants. | Case No.  1:14-cv-00322-DAD-BAM-PC<br><br>FINDING AND RECOMMENDATIONS THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS SERNA, LANGHARDT, CAREY, AND NIXON,  FIRST AMENDMENT CLAIM AGAINST DEFENDANT LANGHARDT, AND THAT THE REMAINING CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently before the Court is Plaintiff's December 30, 2015, first amended complaint, filed in response to the December 8, 2015, order directing Plaintiff to either file an amended complaint or notify the Court of his intention to proceed on the claims found to be cognizable.  (ECF No. 21.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1  1915(e)(2)(B).

2      A complaint must contain "a short and plain statement of the claim showing that the

3  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not

4  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell

6  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   Moreover, Plaintiff must demonstrate

7  that each defendant personally participated in the deprivation of Plaintiff's rights.   Jones v.

8  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

9      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

10 liberally construed and to have any doubt resolved in their favor.   Wilhelm v. Rotman, 680 F.3d

11 1113, 1121 (9th Cir. 2012)(citations omitted).   To survive screening, Plaintiff's claims must be

12 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

13 that each named defendant is liable for the misconduct alleged.   Iqbal, 556 U.S. at 678-79; Moss

14 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer possibility that a defendant

15 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

16 liability" falls short of satisfying the plausibility standard.   Iqbal, 556 U.S. at 678; Moss, 572

17 F.3d at 969.

18                                          **II.**

19                            **COMPLAINT ALLEGATIONS**

20     Plaintiff, an inmate in the custody of the California Department of Corrections and

21 Rehabilitation (CDCR) at CSP Sacramento, brings this civil rights action against correctional

22 officials employed by the CDCR at CCI Tehachapi, where the events at issue occurred.   Plaintiff

23 names the following Defendants employed by the CDCR at CCI Tehachapi: Warden K. Holland;

24 Associate Warden M. Bryant; Correctional Officer (C/O) V. Serna; C/O T. Langhardt; Lt. K.

25 Nowels; S. Carey; Captain P. Matzen; Registered Nurse Nixon.

26     Plaintiff alleges that in June of 2012, he filed an inmate grievance regarding sexual

27 harassment by Defendant Langhardt.   Plaintiff also wrote letters to outside agencies, including

28 the U.S. Department of Justice, regarding the sexual harassment.   Plaintiff also wrote a letter to

Defendant Warden Holland regarding Langhardt's conduct, seeking to be moved.  Plaintiff alleges that in response, he received a letter from signed by Defendant Bryant, and copied to Defendant Matzen.  Plaintiff alleges that "this kickstarted an investigation.  Letter was dated Aug. 10, 2012.  Sexual harassment was mentioned. Plaintiff was not moved."  (ECF No. 22 at 6:26.)

Plaintiff was interviewed by Defendant Nowels.  Plaintiff expressed his concerns regarding Defendant Langhardt, and asked to be moved.  Defendant Nowels refused Plaintiff's request for a cell move.  Plaintiff alleges that he advised Nowels that he feared for his life.

Plaintiff alleges that on the evening of April 3, 2013, Defendant Serna approached Plaintiff's cell and asked him if he wanted a shower.  Plaintiff said he did, after acknowledging that he would not be escorted by Defendant Langhardt.   Plaintiff was placed in handcuffs by Defendant Serna, and sent down the stairs.  Defendants Langhardt and Carey were waiting at the bottom of the stairs to escort Plaintiff.  Plaintiff asked if anybody else could escort him, due to his complaints about Langhardt's sexual harassment.  Langhardt and Carey escorted Plaintiff, with Langhardt holding Plaintiff's arm.  When Langhardt placed Plaintiff in the shower, he handed Plaintiff a razor, while massaging the palm of his hand.

After the shower, Plaintiff again requested that somebody else escort him.  Langhardt again ignored the request and ordered Plaintiff to "cuff up." (Id. 9:3.)  After Plaintiff exited the shower, Langhardt "stepped on/kicked the back of Stewart's feet." (Id. 9:6.)   Plaintiff asked Langhardt whether that was necessary.  Langhardt became agitated, and pulled Plaintiff's arm, causing his towel to fall.  Defendant Carey picked up the towel, and the escort continued without event until Plaintiff was released at the bottom of the stairs and directed to climb the stairs and return to his cell.  Plaintiff alleges that as he was "looking to the side or to the left at his cell he observed C/O V. Serna approaching behind him releasing pepper spray directly in face and eyes continuing non stop approx.. 3 to 4 ft. to the cell, and approx.. 6 to 7 ft. more to the cell back wall until the door & tray slot closed." (Id. 9:12-19.)   Plaintiff alleges that because he was still in handcuffs, he was forced to drop to one knee and use his other knee to attempt to wipe the pepper spray from his face and eyes.  While he was attempting to wipe off the pepper spray with

his knee, Defendant Langhardt opened the tray slot and pepper-sprayed Plaintiff, laughing and accusing Plaintiff of attempting to get out of his handcuffs.

Plaintiff alleges that Defendant Carey approached Plaintiff's cell, laughing at Plaintiff as he pleaded with Carey to remove the handcuffs so he could wash the pepper spray from his face and eyes. Plaintiff told Carey that he had a heart condition and was having difficulty breathing. Plaintiff also told Carey that he was suicidal. Plaintiff alleges that "minutes later," Carey removed the handcuffs. (Id. 10:6.) Plaintiff tried to use the sink to decontaminate, but there was little water available. Plaintiff then used the water in the toilet to decontaminate. Plaintiff alleges that Defendant Carey failed to provide instructions or directions regarding decontamination.

Two days later, Plaintiff was transferred to the California Medical Center (CMC). When Plaintiff arrived at the CMC, he discovered that his knee brace was missing. Plaintiff alleges that he later discovered that Defendant Carey packed Plaintiff's property prior to his transfer to CMC. Plaintiff concludes that because Carey was responsible for packing his property, he intentionally failed to pack his knee brace. Plaintiff alleges that he came to this conclusion because it was common knowledge during his time at CCI Tehachapi that correctional officers did not believe that Plaintiff needed the knee brace.

**III.**

**DISCUSSION**

**A.    Eighth Amendment**

**1.    Excessive Force**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)(per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or

4

1  maliciously and sadistically to cause harm.  <u>Wilkins</u>, 559 U.S. at 37(quoting <u>Hudson</u>, 503 U.S. at

2  7)(quotation marks omitted).

3       Not every malevolent touch by a prison guard gives rise to a federal cause of action.

4  <u>Wilkins</u>, 559 U.S. at 562 (quoting <u>Hudson</u>, 503 U.S. at 9)(quotation marks omitted).  Necessarily

5  excluded from constitutional recognition is the <u>de minimis</u> use of physical force, provided that

6  the use of force is not of a sort repugnant to the conscience of mankind.  <u>Id</u>. (quoting <u>Hudson</u>, 503

7  U.S. at 9-10)(quotation marks omitted).  In determining whether the use of force was wanton or

8  and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application

9  of force, the relationship between that need and the amount of force used, the threat reasonably

10  perceived by the responsible officials, and any efforts made to temper the severity of a forceful

11  response.  <u>Hudson</u>, 503 U.S. at 7 (quotation marks and citations omitted).

12       The Court finds that Plaintiff has alleged facts sufficient to state a claim against

13  Defendants Serna and Langhardt for pepper-spraying Plaintiff.  The complaint, liberally

14  construed, alleges that Plaintiff was not offering any resistance when Defendant Serna pepper -

15  sprayed him and that Serna and Langhardt continued to pepper spray Plaintiff while he was

16  secured in his cell.

17       **2.**     **Failure to Decontaminate**

18       The Eighth Amendment requires prison officials to take reasonable measures to

19  guarantee the safety of inmates, which has been interpreted to include  a  duty to protect

20  prisoners.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994); <u>Hearns v. Terhune</u>, 413F.3d 1036,

21  1040 (9th Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show

22  that the officials acted with deliberate indifference to the threat of serious harm or  injury to an

23  inmate.  <u>Gibson v. County of Washoe</u> 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate

24  indifference" has both subjective and objective components.  A prison  official must "be aware

25  of facts the inference could be drawn that a substantial risk of serious harm exists and . . . must

26  also draw the inference."  <u>Farmer</u>, 511 U.S. at 837.  Liability may follow only if a prison  official

27  "knows that inmates face a substantial  risk of serious harm and disregards that risk by failing to

28  take reasonable measures to abate it."  <u>Id</u>. at 847.

1    Liberally construed, the complaint states a claim against Defendants Langhardt, Serna,

2 Carey for failure to decontaminate Plaintiff.  The facts alleged indicate that each Defendant knew

3 that Plaintiff had been exposed to a substantial amount of pepper spray and failed to take any

4 steps to decontaminate Plaintiff.

5         **3.    Medical Care**

6     A prisoner's claim of inadequate medical care does not constitute cruel and unusual

7 punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of

8 "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

9 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for deliberate

10 indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

11 to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

12 wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

13 indifferent."  Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent

14 manner unless the defendant "knows of and disregards an excessive risk to inmate health or

15 safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal

16 standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.

17 Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or

18 failure to respond to a prisoner's pain or possible medical need" and the indifference caused

19 harm.  Jett, 439 F.3d at 1096.

20     In applying this standard, the Ninth Circuit has held that before it can be said that a

21 prisoner's civil rights have been abridged, "the indifference to his medical needs must be

22 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

23 cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing

24 Estelle, 429 U.S. at 105-106).  "[A] complaint that a physician has been negligent in diagnosing

25 or treating a medical condition does not state a valid claim of medical mistreatment under the

26 Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

27 because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Anderson v. County of Kern,

28 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate

indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).   Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Regarding Plaintiff's allegation that Defendant Nixon failed to treat him when he was in the holding cage, liberally construed, Plaintiff states a claim for relief.  Plaintiff advised Defendant Nixon that he had a heart condition, and Nixon was aware that Plaintiff had difficulty breathing because he had been peppers-sprayed and not decontaminated.  The allegations of the amended complaint indicate that Plaintiff was left on the floor of the cage "struggling to breathe." (ECF No. 22 at 10:21.)  Such an allegation, liberally construed, states a colorable claim for relief for deliberate indifference to serious medical needs.

Regarding Plaintiff's allegations of denial of a knee brace, Plaintiff does not identify any particular individual that was aware of his knee condition and acted with deliberate indifference to it.   Plaintiff alleges that Defendant Carey was responsible for packing Plaintiff's property when he was transferred from CCI Tehachapi to CMC San Luis Obispo.  Plaintiff appears to allege that Carey intentionally left Plaintiff's knee brace out when he packed Plaintiff's property. Plaintiff has not, however, alleged any facts indicating that the specific conduct of Defendant Carey caused him injury.  There are no allegations that Plaintiff was seen or diagnosed by a medical professional who diagnosed Plaintiff with a knee injury resulting from the lack of a knee brace.  An allegation that Plaintiff was missing a knee brace and generalized allegation of knee pain at another facility fail to state a claim for relief.   In order to hold Defendant Carey liable for an Eighth Amendment medical care claim, he must allege facts indicating that Defendant Carey knew of an objectively serious medical condition, and acted with deliberate indifference to that condition, causing Plaintiff injury.  Plaintiff has failed to do so here.

## B.    Sexual Harassment

Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment.  See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . . ")  see also  Women Prisoners of the Dist. of Columbia

Dep't of Corr. v. District of Columbia, 877 F. Supp. 634, 665 (D.C. 1994)("Unsolicited touching of . . . prisoner's [genitalia] by prison employees are 'simply not part of the penalty that criminal offenders pay for their offenses against society'"(quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In evaluating a prisoner's claim, courts consider whether "the officials acted with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough to establish a constitutional violation."   Hudson v. McMillian,503 U.S. 1, 8 (1992). Although the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be in violation of the constitution.  Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000).

Here, the Court finds that Plaintiff's allegations fail to state a claim for relief.  Plaintiff's allegations indicate that Langhardt made sexually suggestive comments, intimating that he wanted to engage in sexual activity with Plaintiff.  Although Plaintiff does allege that there was physical contact, it was limited to a touching of Plaintiff's hand in a suggestive way with Defendant Langhardt's finger.  A single instance of physical contact, while sexually suggestive in nature, does not satisfy the standard set forth in Schwenk.  Schwenk distinguishes sexual harassment from sexual assault, which violates the Eighth Amendment. (Id.)   In that case, the inmate was subjected to forcible sexual contact by a prison guard.  While sexually suggestive, a single instance of touching Plaintiff's hand is insufficient to state a claim under the Eighth Amendment.  This claim should therefore be dismissed.

### C.    First Amendment

#### 1.    Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of retaliation in violation of the First Amendment consists of five elements:"  "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that

1    prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

2    Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

3    Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d

4    1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169 (9th Cir. 2009).

5         Plaintiff alleges that in response to his filing of an inmate grievance regarding

6    Langhardt's sexual harassment of Plaintiff, Langhardt subjected Plaintiff to excessive force.  The

7    Court finds that Plaintiff has stated a colorable claim for relief for retaliation.  Plaintiff has

8    alleged facts indicating that he filed an inmate grievance regarding Langhardt's sexual

9    harassment, that he complained to prison officials about Langhardt's conduct, and on the day that

10   Langhardt pepper-sprayed him, he requested that Langhardt not escort him.  A reasonable

11   inference could be drawn that Defendant Langhardt knew of Plaintiff's complaints.  Liberally

12   construed, Plaintiff has alleged facts indicating that Defendant Lanhgardt pepper-sprayed

13   Plaintiff in retaliation for filing an inmate grievance regarding sexual harassment.

14   **D.    Equal Protection**

15        The Equal Protection Clause requires that persons who are similarly situated be treated

16   alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985); Hartmann v.

17   California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan,

18   705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An

19   equal protection claim may be established by showing that Defendants intentionally

20   discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d

21   at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto,

22   583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003),

23   or that similarly situated individuals were intentionally treated differently without a rational

24   relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553

25   U.S. 591 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch

26   Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526

27   F.3d 478, 486 (9th Cir. 2008).

28        Plaintiff has not alleged any facts indicating that any of the Defendants intentionally

1   discriminated against Plaintiff based on his membership in a protected class, or that any of the
2   Defendants intentionally treated him differently without a rational relationship to a legitimate
3   state purpose.  This claim should therefore be dismissed for failure to state a cognizable claim for
4   relief.

5       **E.      Supervisory Defendants**

6           Government officials may not be held liable for the actions of their subordinates under a
7   theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  Since a government
8   official cannot be held liable under a theory of vicarious liability for section 1983 actions,
9   Plaintiff must plead that the official has violated the Constitution through his own individual
10  actions.  Id. at 673.  In other words, to state claim for relief under section 1983, Plaintiff must
11  link each named defendant with some affirmative act or omission that demonstrates a violation
12  of Plaintiff's federal rights.

13          Here, Plaintiff has failed to allege any facts indicating that Defendants Holland, Bryant,
14  Nowels, or Matzen personally participated in the conduct found to be actionable.   The only
15  conduct charged to these Defendants is that Plaintiff made them aware of his sexual harassment
16  complaints about Defendant Langhardt.  Because Plaintiff fails to state a claim against Defendant
17  Langhardt for sexual harassment, he cannot hold the supervisory Defendants liable for
18  Langhardt's conduct.  These Defendants should therefore be dismissed.

19      **F.      State Law Claims**

20          Plaintiff alleges that Defendant Langhardt violated "Title 15 Rules and Regulations."
21  (ECF No. 22 at 22:8.)    However, the Court is unaware of any authority for the proposition that
22  there exists a private right of action for violation of Title 15 regulations and there exists ample
23  district court decisions holding to the contrary.  Vasquez v. Tate, No. 1:10-cv-01876 JLT (PC),
24  2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211
25  (S. D. Cal. 2012); Meredith v. OverleyMeredith v. OverleyMeredith v. Overley, No. 1:12-cv-
26  00455 MJS (PC), 2012 WL 3764029, at *4 (E. D. Cal. Aug. 29, 2012); Parra v. Hernandez, No.
27  08-cv-0191-H (CAB), 2009 WL 3818376, at *8 (S. D. Cal. Nov. 13, 2009); Davis v. Kissinger,
28  No. CIV-S-04-0878 GEB DAD P, 2009 WL 256574, at *12 (E. D. Cal. Feb. 3, 2009), adopted in

full, 2009 WL 647350 (Mar. 10, 2009).  Plaintiff's Title 15 claim should therefore be dismissed for failure to state a claim upon which relief may be granted.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint states a cognizable claim against Defendants Serna and Langhardt for excessive force in violation of the Eighth Amendment, against Defendants Serna, Langhardt, Carey and Nixon for failure to decontaminate Plaintiff in violation of the Eighth Amendment, and against Defendant Nixon for deliberate indifference to serious medical needs.  Plaintiff also states a First Amendment retaliation claim against Defendant Langhardt.

Regarding the remaining claims, Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's December 30, 2015, first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for sexual harassment, supervisory liability, or violations of Title 15, and further amendment would be futile.  See Hartmann, 707 F.3d at 1130 ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  This action proceed on the December 30, 2015, first amended complaint on the following claims: Against Defendants Serna and Langhardt for excessive force, Defendants Serna, Langhardt, Carey and Nixon for failure to decontaminate in violation of the Eighth Amendment; Against Defendant Nixon for deliberate indifference to serious medical needs in violation of the Eighth Amendment; Against Defendant Langhardt for retaliation in violation of the First Amendment;

2.  Plaintiff's sexual harassment, supervisory liability, medical care regarding his knee brace, and Title 15 claims be dismissed for failure to state a claim upon which relief

1    could be granted;

2    3.   Defendants Holland, Bryant, Nowels, and Matzen be dismissed from this action for

3         Plaintiff's failure to state a claim upon which relief could be granted.

4    These findings and recommendations will be submitted to the United States District

5    Judge assigned to the case, pursuant to the provision of  28 U.S.C. §636 (b)(1)(B).   Within

6    **fourteen (14)** days after being served with these Finding and Recommendations, the parties may

7    file written objections with the Court.   The document should be captioned "Objections to

8    Findings and Recommendations."   The parties are advised that failure to file objections within

9    the specified time may result in the waiver of rights on appeal.   Wilkerson v. Wheeler, 772 F.2d

10   F.3d 834, 838-39 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11

12   IT IS SO ORDERED.

13   Dated:   **September 13, 2016**                    /s/ Barbara A. McAuliffe

14                                             UNITED STATES MAGISTRATE JUDGE