UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>K. HOLLAND, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00322-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 41) |

Plaintiff Tracy Stewart is a state prisoner who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed October 25, 2017 (ECF No. 41.)

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits

1

[and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff is able to articulate his claims and arguments, and the legal issues he proceeds upon are not complex. Plaintiff asserts that he is no longer able to represent himself because he has been admitted for mental health care and his health factors, including stress, depression, and a mental breakdown, have caused him to need legal assistance. Plaintiff also recently filed a change in address showing that he is now housed in Facility B of the California Health Care Facility. However, other than this address change and the few statements in Plaintiff's motion, there is little information on Plaintiff's status showing an inability to litigate his case. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, which is another necessary factor to consider in determining whether counsel should be appointed here. In sum, based on the relevant factors and the record at this time, the Court does not find the required exceptional circumstances for the appointment of counsel here.

Accordingly, Plaintiff's motion for the appointment of counsel, (ECF No. 41), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **October 30, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE