UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY STEWART,<br><br>        Plaintiff,<br><br>v.<br><br>K. HOLLAND, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-00322-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 56) |

Plaintiff Tracy Stewart is a state prisoner who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed February 26, 2018. (ECF No. 56.)

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

1

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff is able to articulate his claims and arguments, and the legal issues he proceeds upon are not complex. Plaintiff asserts that his imprisonment will limit his ability to litigate this case, and Plaintiff's handwriting and mental status make it difficult for him to relay legal arguments to the Court. Furthermore, Plaintiff has heard that there will be construction done on the facility law library beginning in February 2018, meaning that he will have no law library at his institution.

Based on these facts, the Court does not find that Plaintiff is unable to litigate his case. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, which is another necessary factor to consider in determining whether counsel should be appointed here. In sum, based on the relevant factors and the record at this time, the Court does not find the required exceptional circumstances for the appointment of counsel here.

Accordingly, Plaintiff's motion for the appointment of counsel, (ECF No. 56), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 28, 2018**        /s/ *Barbara A. McAuliffe*        
                                                                             UNITED STATES MAGISTRATE JUDGE