UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>K. HOLLAND, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00322-DAD-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO SUBMIT ADMINISTRATIVE 602 EXHAUSTION TO DEFENDANTS AND TO COURT AS EXHIBIT, VERIFYING EXHAUSTION<br><br>ORDER REGARDING PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS<br><br>(ECF No. 59) |

Plaintiff Tracy Stewart is a state prisoner who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Exhibit**

Currently before the Court is Plaintiff's motion to submit administrative 602 exhaustion to Defendants and Court as exhibit, verifying exhaustion of all claims, filed on April 9, 2018. (ECF No. 59.) Plaintiff submits documents that he asserts shows that he fully exhausted his administrative remedies with regards to his claims in this case, contrary to Defendants' recent verbal contentions that he did not.

1

On the same day that the Clerk of the Court received and docketed Plaintiff's filing, Defendants Nixon and Carey filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 for Plaintiff's failure to exhaust administrative remedies. (ECF No. 60.) As discussed in the *Rand* warning provided to Plaintiff with that motion, (ECF No. 60-2), Plaintiff may file an opposition to the motion and include specific facts in declarations, depositions, answers to interrogatories, or authenticated documents in support. The opposition is due within twenty-one (21) days of the date of service of the motion. Local Rule 230(l).

Considering Plaintiff's *pro se* status, and because his exhibits were submitted with a dated and signed declaration, the Court will grant Plaintiff's request to accept his exhibit and not require that he re-file the documents. Plaintiff may reference the documents he has submitted in his opposition to Defendants' summary judgment motion, if he chooses. Plaintiff may also inform the Court in writing that he does not wish to submit any other opposition or additional submission, and will stand upon his April 9, 2018 filing alone to oppose Defendants' motion, if he chooses. Any further submission in opposition to Defendants' summary judgment motion by Plaintiff must be submitted as a single filing, including any exhibits, by the deadline noted above.

**II.  Plaintiff's First Request for Production of Documents**

Plaintiff also submitted his First Set of Requests for Production of Documents with his filing discussed above, which is directed at Defendants.

As discussed in this Court's first informational order in this case, issued on March 11, 2014, discovery requests must be served directly on the attorney for the party from whom discovery is sought, and generally should not be filed with the Court. (ECF No. 3 ¶¶ **V.C**, **D**.) Normally, the Clerk of the Court will return discovery sent to the Court for filing as improper, or the Court will strike discovery wrongfully filed in an action. However, in the interests of justice and as a one-time exception, the Court will instead consider this set of requests for productions as served on Defendants as of the date it was filed. Defendants shall respond to the discovery requests as provided in the Court's discovery and scheduling order issued on October 4, 2017 (ECF No. 38), as amended, (ECF No. 54). In the future, discovery requests and responses should not be filed with the Court. The parties should carefully read and obey all court orders.

**III. Conclusion**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to submit administrative 602 exhaustion to Defendants and Court as exhibit, verifying exhaustion of all claims, filed on April 9, 2018 (ECF No. 59) is granted.

IT IS SO ORDERED.

Dated: **April 16, 2018**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE