UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY STEWART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. HOLLAND, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00322-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR ORDER TO RECEIVE UNIMPEDED ACCESS TO LAW LIBRARY OR APPOINTMENT OF COUNSEL<br><br>(Doc. 70) |

Plaintiff Tracy Stewart is a state prisoner who is currently proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for an order giving uninterrupted access to the law library, or granting him the appointment of counsel. (Doc. 70.) Plaintiff asserts that he has limited law library access of once or twice per week, making it difficult to meet deadlines.

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In this case, the Court does not find exceptional circumstances warranting the search for volunteer counsel. Based on the limited record available, Plaintiff has shown that he can adequately articulate his claim and arguments. Also, as previously discussed, Plaintiff has been able to submit filings within the relevant deadlines thus far. (*See, e.g*., Docs. 62, 63.) Thus, it appears that Plaintiff can adequately litigate his case despite limited law library access. Furthermore, at this stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits.

Nor does the Court find it appropriate to issue any order regarding law library access. Plaintiff is unspecific about any deadline that he is having trouble meeting due to law library closures or limitations on access. As previously indicated, he is not precluded from filing a specific motion for an extension of time, submitted before the deadline at issue, and supported by good cause.

Accordingly, Plaintiff's second motion for unimpeded access to law library or the appointment of counsel, (Doc. 70), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 25, 2018**   /s/ *Barbara A. McAuliffe*
                            UNITED STATES MAGISTRATE JUDGE

2